IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIAYOAKASHIMA COOPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 25-139 (GBW) |
| ROBERT CROWL, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington, this 10th day of March 2025,

On March 4, 2025, Plaintiff Tiayoakashima Cooper ("Plaintiff" or "Cooper") filed a Motion for an Emergency Temporary Restraining Order (D.I. 10) ("the Motion"). In the Motion, Plaintiff moves to prevent the foreclosure and sheriff sale auction of the property located at 717 Lexington Drive, Bear, DE 19701 ("the Subject Property") scheduled to take place on March 11, 2025. Defendants Robert Crowl, Lakeview Loan Servicing, LLC ("Lakeview Loan"), Alan Baker, and John Thomas (collectively and with Janet Z. Charlton, "Defendants") filed a Response on March 10, 2025. That same day, Defendant Janet Z. Charlton, an attorney for Lakeview Loan, also filed a Response[1] (D.I. 13). The Court has carefully reviewed the parties' submissions and the relevant law. For the reasons explained below, the Court DENIES the Motion.

**I.   BACKGROUND**

On September 21, 2018, Plaintiff Cooper granted a mortgage on the Subject Property to Mortgage Electronic Residential Systems, Inc. in exchange for a loan in the amount of

---

[1]   In her Response, Defendant Janet Z. Charlton informs the Court that she shares and reiterates the arguments in the other Defendants' Response (D.I. 12). (D.I. 13 at 1). She does not make any separate arguments. (*Id.*).

1

$211,105.00. (D.I. 8 at 8; *see also* D.I. 4, Ex. I at 3). The mortgage was recorded with the New Castle County Recorder of Deeds. (D.I. 8, Ex. 1). On May 14, 2024, Mortgage Electronic Residential Systems, Inc. assigned the mortgage in the Subject Property to Lakeview Loan and recorded the assignment with the New Castle County Recorder of Deeds. (D.I. 8, Ex. 2).

Over time, Cooper "failed to pay the monthly installments of her Mortgage when due" and thus defaulted on her loan. (D.I. 4, Ex. I at 3). As a result, on May 21, 2024, Lakeview Loan instituted a foreclosure action for the Subject Property in the Superior Court of the State of Delaware, New Castle County ("the Superior Court"), which was assigned case number 24L-05-053 and captioned as *Lakeview Loan v. Tiayoakashima Cooper et al* ("the Foreclosure Action"). (D.I. 4 at 10; *see also* D.I. 4, Ex. E). In the Foreclosure Action, on August 22, 2024, Cooper filed a Motion for Abatement of Foreclosure Proceedings ("the Motion for Abatement"). (D.I. 4, Ex. H). On October 3, 2024, the Superior Court denied the Motion for Abatement and found that Cooper failed to "provide a defense for foreclosure and grounds to abate foreclosure" and "failed to relate the plea to the validity or illegality of the mortgage." (D.I. 4, Ex. I at 14). On October 21, 2024, in the Foreclosure Action, Lakeview Loan filed a Motion for Summary Judgment. On November 24, 2024, Cooper filed a Motion to Cease and Desist the Foreclosure Proceedings Based on Completed Audit of Loan ("the Motion to Cease and Desist"). (D.I. 4, Ex. J). On December 10, 2024, the Superior Court denied the Motion to Cease and Desist and granted Lakeview Loan's Summary Judgment Motion (D.I. 4, Ex. K at 2). That same day, the Superior Court entered judgment in favor of Plaintiff Lakeview Loan and against Defendant Cooper for $223,472.07 plus interest. (*Id.* at 1).

Following the entry of judgment against Cooper in the Foreclosure Action, Cooper filed a Complaint against Defendants in the Delaware Chancery Court. (D.I. 4, Ex. L). In her

Complaint, Plaintiff Cooper alleges that Defendants wrongfully foreclosed on the Subject Property because Defendants violated the Truth in Lending Act ("TILA"), the Real Estate Settlement Practices Act ("RESPA"), the Fair Credit Reporting Act ("FCRA"), and the Equal Credit Opportunity Act ("ECOA") during the loan and mortgage lending process. (*Id.* at 3; *see also* D.I. 4, Ex. I at 3). On February 3, 2025, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1331 and § 1441 (D.I. 1). On February 19, 2025, Defendants filed a Motion to Dismiss Plaintiff's Complaint Under Federal Rule of Civil Procedure 12(b)(6) (D.I. 6) and a Motion to Dismiss for "Failure to State a Claim and the *Rooker*-[*Feldman*] Doctrine" (D.I. 7) (together, "the Motions to Dismiss"). On March 4, 2025, Plaintiff filed an Emergency Motion for a Temporary Restraining Order (D.I. 10). In the Motion, Plaintiff seeks to prevent the foreclosure and sheriff sale auction of the Subject Property, which is scheduled to take place on March 11, 2025. (D.I. 10 at 1). On March 10, 2025, Defendants filed Responses in opposition to the Motion. (D.I. 12; D.I. 13).

## II.     **LEGAL STANDARD**

"The standard for analyzing a motion for a temporary restraining order is the same as that for a motion seeking a preliminary injunction." *Mehul v. Smith*, No. 1:20-CV-1173, 2022 WL 481785, at *2 (M.D. Pa. Feb. 16, 2022). Accordingly, a temporary restraining order is warranted if the moving party shows "(1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm in the absence of the restraining order it seeks, (3) the balance of the equities tips in its favor, and (4) a [restraining order] is in the public interest." *Genetech, Inc. v. Immunex R.I. Corp.*, 395 F. Supp. 3d 357, 366 (D. Del. 2019). Importantly, the movant must demonstrate the presence of the first element, a likelihood of success on the merits. A movant's failure to establish a likelihood of success on the merits "necessarily" results in the denial of the motion for a

temporary restraining order. *Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *see also McTernan v. City of York, Pa.*, 577 F.3d 521, 528 (3d Cir. 2009).

### III. <u>ANALYSIS</u>

The Court finds that Plaintiff's instant Motion is likely barred by the *Rooker-Feldman* doctrine, principles of abstention, and the Anti-Injunction Act; and that Plaintiff has not demonstrated that her claims are likely to succeed on the merits because her lawsuit is likely precluded by various statutes of limitations and the doctrines of collateral estoppel and res judicata.

#### A. <u>The Court Cannot "Overrule" the Superior Court's Foreclosure Judgment</u>

In essence, the Motion asks this Court to overturn the Superior Court's foreclosure judgment. However, neither this Court nor any other United States District Court has jurisdiction to review the Superior Court's judgments. *See Conklin v. Anthou*, 458 Fed. Appx. 94, 97-98 (3d. Cir. 2012). Only the Delaware Supreme Court or the United States Supreme Court can review the Delaware's Superior Court's judgment through an appeal or writ of certiorari. *See, for example, Exon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Accordingly, several related doctrines all of which reiterate and foment the important concept of federalism justify denying the Motion.

##### 1. The *Rooker-Feldman* Doctrine

First, Defendants argue that the *Rooker-Feldman* doctrine precludes this action. The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The *Rooker-Feldman* doctrine will apply to an action if each of the following elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the

4

plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). All of these elements are met here. First, Plaintiff Cooper lost the Foreclosure Action in the Superior Court. Second, through this action, and more specifically the instant Motion, Plaintiff Cooper is seeking to prevent the Superior Court's judgment from being actualized via the sheriff sale. Third, the judgment in the Foreclosure Action was rendered before the instant action was filed. Fourth, Plaintiff Cooper is asking this Court to nullify the Superior Court's foreclosure judgment. Accordingly, the Court finds that the *Rooker-Feldman* doctrine bars the Motion because the Court will not and cannot overturn or negate the state court's judgment of foreclosure. *See Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 132 (3d Cir. 2013) (noting that a district court sitting "in appellate review of state-court proceedings" is "a role specifically prohibited by *Rooker-Feldman*"); *see also Otto v. Wells Fargo Bank, N.A.*, 693 F. App'x 161, 163 (3d Cir. 2017) ("To the extent that [plaintiff's] complaint can be read to include a request for the District Court to overturn or negate the state court judgment of foreclosure, we agree that the *Rooker-Feldman* doctrine bars the suit.").

### 2.    *Younger* Abstention

Additionally, the Court finds that the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), counsels against granting the Motion. "Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings." *Johnson v. Purzycki*, Civ. No. 17-1225-RGA, 2017 U.S. Dist. LEXIS 201174, at *4 (D. Del. Dec. 1, 2017). A federal court should abstain and decline to enjoin a state court proceeding when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims." *Id.* (citing *Lazaridis v. Wehmer*, 591 F.3d 666,

5

670 (3d Cir. 2010)). In arguing that *Younger* abstention applies to the facts of this case, Defendants draw the Court's attention to *Colahar v. Wells Fargo Bank N.A.*, 56 F. Supp. 3d 603 (D. Del. 2014) ("*Colahar*"). (*See* D.I. 12, Ex. 1 at 11-12). In *Colahar*, this Court previously concluded that *Younger* abstention applied to a plaintiff's action seeking to enjoin her creditor's from foreclosing on her home. In concluding so, this Court explained:

> The *Younger* elements have been met and none of the exceptions apply. First, there are on-going state proceedings for the foreclosure of real property. Second, Delaware has an important interest in resolving real estate issues, and a ruling in the Delaware courts implicates the important interest of preserving the authority of the state's judicial system. *See e.g., Almazan v. 1st 2nd Mortg. Co. of NJ, Inc.*, 2011 U.S. Dist. LEXIS 71932, 2011 WL 2670871 (D.N.J. June 2, 2011) (finding that the State has important interests in the foreclosure of property under the *Younger* doctrine); *Gray v. Pagano*, 287 Fed. Appx. 155 (3d Cir. 2008) (unpublished) (court abstained under the *Younger* doctrine where plaintiffs sought a declaration that the judge was not authorized to nullify transfer of title and for an order enjoining the sheriff from conducting a sheriff's sale.). Finally, plaintiffs have an adequate opportunity to raise any potential claims in state court. Accordingly, the court must abstain pursuant to *Younger* and its progeny. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

*Colahar*, 56 F. Supp. 3d at 606-607.

The Court finds that the circumstances presented here mirror those present in *Colahar*. Accordingly, the Court determines that the *Younger* elements have been met and will abstain from taking action to impair the judgment or subsequent proceedings in the Superior Court Foreclosure Action.

### 3. **The Anti-Injunction Act**

Last, the Court agrees with Defendants that the Anti-Injunction Act precludes this Court from enjoining the sheriff's sale. (*See* D.I. 12 at 12). Under the Anti-Injunction Act, a federal court may not "grant an injunction to stay proceedings in a State court except as expressly

6

authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Because none of these exceptions apply here, the Court finds that the Anti-Injunction Act also prohibits it from issuing a temporary restraining order that would enjoin the Superior Court from issuing further orders in relation to its foreclosure judgment.[2] *See Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990) (holding that the Anti-Injunction Act prohibited a federal court from issuing a preliminary injunction that interfered with state court foreclosure proceedings pending at the time of the injunction); *Ungar v. Mandell*, 471 F.2d 1163, 1165 (2d Cir. 1972) (finding that the Anti-Injunction Act prohibited a preliminary injunction which would have stopped the sale of property previously the subject of a state foreclosure proceeding).

**B.** **Plaintiffs' Claims are not Likely to Succeed on the Merits**

Second, and importantly, the Court finds that Plaintiff's claims are unlikely to succeed on the merits. In Defendants' Motions to Dismiss, Defendants argue that Plaintiff's claims are barred by applicable statutes of limitations and are precluded by the doctrines of collateral estoppel and res judicata. (D.I. 4, Ex. 2 at 16-19). For those same reasons, Defendants contend that Plaintiff cannot establish that she is entitled to a temporary restraining order. (D.I. 12 at 7-9). The Court agrees.

**1.** **The Statutes of Limitations**

In this action, Plaintiff alleges that "Defendants' actions constitute a violation of federal and state laws, including but not limited to TILA, RESPA, FCRA, and ECOA, as evidenced by the forensic audit results." (D.I. 4, Ex. L at 3). Plaintiff asserts that, due to these alleged violations, the loan, mortgage, and subsequent Foreclosure Action must be "invalidated." (*Id.*).

---

[2] Most recently, the Superior Court issued a Writ of Levy on January 17, 2025.

7

However, Plaintiff's claims under these statutes are likely barred by applicable statutes of limitations.[3] TILA has a one-year or three-year statute of limitations, depending on the underlying violation, 15 U.S.C. § 1640(e); RESPA has a one-year or three-year statute of limitations, depending on the underlying violation, 12 U.S.C, § 2614; FCRA has a two-year or five-year statute of limitation, depending on the date of discovery of the violation, 15 U.S.C. § 1681p(1)-(2); and ECOA has a five-year statute of limitations, 15 U.S.C. § 1691e(f). (*See also* D.I. 4, Ex. 2 at 21). Similarly, Plaintiff's state law claims of breach of contract and fraud each have a three-year statute of limitations. 10 Del. C. § 8106(a). The note and mortgage were executed on September 21, 2018. (D.I. 4, Ex. A (Mortgage Note)). Plaintiff, however, filed the instant action more than six years later, on December 20, 2024, in the Delaware Chancery Court. (D.I. 4, Ex. L). Therefore, absent an applicable tolling doctrine, none of the aforementioned claims have been brought within the appropriate time period and are ostensibly barred by the applicable statutes of limitations. *See, for example, In New Century Trs Holdings*, No. 07-10416 (KJC), 2013 WL 5231456, 2013 Bankr. LEXIS 3897, at *19 (De. Bankr. Sept. 17, 2013) (explaining that "there is no basis for the equitable tolling of [a plaintiff's] claims because, as of the date of the loan closing, she was in possession of the information relevant to the discovery of a TILA violation or fraud claim."). As a result, the Court does not find that Plaintiff's claims are likely to succeed on the merits.

### 2. Res Judicata and Collateral Estoppel

Additionally, the Court finds that it is likely that the doctrines of res judicata or collateral estoppel bar this action. (See D.I. 12, Ex. 1 at 8 (Defendants arguing that Plaintiff's claims are

---

[3] "Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations show that relief is barred under the relevant statute of limitations." *Gunn v. First Am. Fin. Corp.*, 549 Fed. Appx. 79, 81 (3d Cir. 2013) (internal citations omitted).

unlikely to succeed on the merits because they are barred by collateral estoppel)). Considering the time constraints on the Motion, the Court will address only the former argument, concerning res judicata, as it finds that to be the more applicable argument. *See also United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 174 (3d Cir. 2009) (remarking that where a party uses the terms "'res judicata' and 'collateral estoppel' nearly interchangeably" that the Third Circuit's "preferred usage of the term 'res judicata' encompasses both claim and issue preclusion.")

Res judicata, or claim preclusion, is appropriate where there is a "(1) final judgment on the merits in a prior suit (2) involving the parties or their privies and (3) a subsequent suit based on the same cause of action." *Hoffman v. Nordic Naturals*, 837 F.3d 272, 279 (3d Cir. 2016) (quoting *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). "The purpose of res judicata is to avoid piecemeal litigation of claims arising from the same events." *Walzer v. Muriel Siebert & Co.*, 221 Fed. Appx. 153, 156 (3d Cir. 2007). The application of res judicata also furthers the purposes of the Full Faith and Credit Clause of the United States Constitution: "[t]he . . . judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State. . ..." 28 U.S.C. § 1738; *see also* U.S. Const. Art. IV. "Res judicata bars not only claims that were brought . . . but also claims that could have been brought." *Duhaney v. AG of the United States*, 621 F.3d 340, 347 (3d Cir. 2010).

Here, the Superior Court entered a judgment in the Foreclosure Action; and the Foreclosure Action and the instant lawsuit are parallel proceedings. Although this action joins additional Defendants (Lakeview Loan's agents and the agents of its assignor), the actions involve essentially the same parties. Further, Plaintiff's allegations arise out of the same mortgage transaction that was the basis for the Superior Court's Foreclosure Action. Indeed, all of Plaintiff's allegations

could have been raised as affirmative defenses or asserted as counterclaims in the Foreclosure Action. Further, Plaintiff's arguments raised in this case mirror those raised in her Motion to Cease and Desist. (*See* D.I. 4, Ex. J). Plaintiff also relies on the same audit, attached as an exhibit, in her Motion to Cease and Desist and in her instant complaint. (*Id.;* D.I. 4, Ex L). The Superior Court has already considered Plaintiff's duplicative arguments and rejected them. This Court, therefore, will not provide Plaintiff with another opportunity to relitigate the same claims and issues which she could have raised and, in fact, did raise in the Foreclosure Action.

Therefore, Plaintiff has not met her burden to prove that she is likely to succeed on the merits of her claims. As a result, and in addition to the Court's concerns discussed in Section III(A) above, Plaintiff cannot demonstrate that she is entitled to a temporary restraining order. *See Friedland v. Zickefoose*, 538 Fed. Appx. 122, 123-24 (3d Cir. 2013) (a Plaintiff's failure to show a likelihood of success on the merits "must necessarily result in the denial of a preliminary injunction.") (internal quotation marks and citation omitted).

## IV.   CONCLUSION

For the reasons explained above, Plaintiff's Motion for an Emergency Temporary Restraining Order (D.I. 10) is DENIED. It is So Ordered.

_____
The Honorable Gregory B. Williams
United States District Judge